IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

DEBORAH FENTON,

    Plaintiff,

    v().

ANDREW M. SAUL,
*Commissioner,*
*Social Security Administration,*

    Defendant.

CIVIL NO. 4:19cv72

## ORDER

This matter is before the Court on Deborah Fenton's ("Plaintiff") objections to Magistrate Judge Leonard's Report and Recommendation, which recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant the defendant Commissioner of Social Security Administration's ("Defendant" or "Commissioner") Motion for Summary Judgment, grant the defendant Commissioner's Cross Motion for Summary Judgment,[1] and affirm the final decision of the Commissioner. ECF No. 19. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections to Judge Leonard's Report and Recommendation and **ADOPTS** the findings and recommendations therein.

---

[1] In the instant case, Defendant filed two motions for summary judgment. See ECF Nos. 15–18. The Court has reviewed both motions and has determined that their substance is identical. However, Judge Leonard's Report and Recommendation does not include a recommendation regarding the Defendant's Cross Motion for Summary Judgment, ECF Nos. 17–18. Because Defendant's Cross Motion for Summary Judgment, ECF Nos. 17–18, is identical in substance to its Motion for Summary Judgment, ECF Nos. 15–16, this order resolves both Motions.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts and history of this case are fully set forth in Judge Leonard's Report and Recommendation (the "R&R"). ECF No. 19.[2] Therefore, the Court provides only a summary of the relevant events below.

On July 13, 2016, Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") from the Social Security Administration. R. at 102–03, 105. In her application, Plaintiff claims that the following medical impairments prevent her from maintaining employment: lumbar degenerative disc disease, left ankle degenerative joint disease, left wrist degenerative joint disease, Achilles tendonitis, plantar fasciitis, left rotator cuff tendinosis, carpal tunnel syndrome with neuropathy, diabetes mellitus, diffuse idiopathic skeletal hyperostosis, and obesity. R. at 17. The Social Security Administration ultimately denied her application for benefits on December 2, 2016, and again denied her application upon reconsideration on January 19, 2017. R. at 102–03, 116–17. Plaintiff then filed a timely request for a hearing before an administrative law judge. R. at 31. Such hearing was conducted via video-teleconference on May 17, 2018 before Administrative Law Judge Stewart Goldstein (the "ALJ"). R. at 31. Plaintiff, Plaintiff's counsel, and an impartial vocational expert, Robert Edwards (the "VE"), all appeared and Plaintiff's counsel and the VE testified the hearing. R at 31, 34–66; see also ECF No. 19 at 3–5. Plaintiff's medical records, treatment notes, medical source statements, were also entered into the record as exhibits. R. at 345–617.

On July 31, 2018, the ALJ issued a decision denying Plaintiff's application for DIB and SSI. R. at 8–23. In reaching this decision, the ALJ determined that Plaintiff was not disabled

---

[2] Page citations are to the Certified Administrative Record filed under seal on November 18, 2019. ECF No. 10.

2

within the meaning of the Social Security Act. R. at 23. Plaintiff filed a request with the Appeals Council for the Office of Disability and Adjudication ("Appeals Council") to reconsider the ALJ's decision. R. at 1–6. On May 17, 2019, the Appeals Council declined to review the ALJ's decision, at which time such decision became the final decision of the Commissioner. Id.

On July 12, 2010, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision ("Complaint"). ECF No. 1. On November 18, 2019, Defendant filed an answer to Plaintiff's Complaint. ECF No. 9. The Court then referred the matter to Magistrate Judge Leonard for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). ECF No. 11. The parties each filed and fully briefed motions for summary judgment. See Pl. Mot. for Summary Judgment, ECF No. 13; see Commissioner's Mot. for Summary Judgment, ECF No. 15; see Commissioner's Cross Mot. for Summary Judgment, ECF No. 17.

On June 30, 2020, Judge Leonard issued his Report and Recommendation which recommends that the Court (1) DENY Plaintiff's Motion for Summary Judgment, ECF No. 13, (2) GRANT the Commissioner's Motion for Summary Judgment, ECF No. 15, and (3) AFFIRM the final decision of the Commissioner.[3] ECF No. 19 at 1–2. By copy of such report, each party was advised of the right to file written objections to Judge Leonard's findings and recommendations. Id.

On July 14, 2020, Plaintiff filed an objection to the Report and Recommendation ("Plaintiff's Objection" or "Objection") claiming that Judge Leonard erred in finding that the ALJ properly used the Grid system and the testimony of the VE to determine that Plaintiff could perform a significant number of light work jobs, even with her physical limitations. ECF No. 19

---

[3] Again, as stated above, because Defendant's Cross Motion for Summary Judgment, ECF Nos. 17–18, is identical in substance to its Motion for Summary Judgment, ECF Nos. 15–16, this order resolves both Motions.

3

at 10, 14; ECF No. 20. Plaintiff also claimed Judge Leonard erred in finding the ALJ sufficiently articulated his decision. ECF No. 20 at 1–2. The Commissioner responded to Plaintiff's Objection on July 23, 2020, and requested this Court to overrule 'such Objection and to adopt Judge Leonard's Report and Recommendation. ECF No. 21 at 1. Such Objection is now before the Court.

## II. STANDARDS OF REVIEW

### A.  REVIEW OF THE REPORT AND RECOMMENDATION

After the magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [proper] objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (internal citations omitted)). Moreover, "[a] mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); see also Hartfield v. Colvin, No. 2:16–CV–431, 2017 WL 4269969, at *7 (E.D. Va. Sep. 26, 2017) ("The Court may reject perfunctory or rehashed objections . . . that amount to 'a second opportunity to present the arguments already considered by the Magistrate Judge.'") (internal citation omitted). If no proper objection is made, the district court need only review the R&R for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir.

2005).

## B. REVIEW OF THE ALJ'S DECISION

When reviewing the Commissioner's denial of benefits under the Social Security Act, the Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation omitted). As the Fourth Circuit has explained:

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]. . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].

Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotations omitted).

In deciding whether to uphold the Commissioner's final decision, the Court considers the entire record, "including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.'" Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (internal quotation omitted). If substantial evidence in the record does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## III. PLAINTIFF'S OBJECTION

The Court now turns to Plaintiff's Objection to Judge Leonard's Report and Recommendation. From the what the Court can discern, Plaintiff objects to the R&R on two like grounds. See ECF No. 20. First, Plaintiff argues that Judge Leonard erred in finding that the ALJ properly used a "light" rather than a "sedentary" Grid Rule given Plaintiff's physical limitations on standing and walking.[4] Id. at 1. Second, Plaintiff argues that under Bisceglia v. Colvin, 173 F. Supp. 3d 326

---

[4] Plaintiff is limited to walking and standing no more than two hours a day. This means Plaintiff is between the light

(E.D. Va. 2016), Judge Leonard erred in finding that the ALJ sufficiently articulated the reasons for its finding under Social Security Ruling ("SSR") 83-12. Id. at 2. Though Plaintiff presents these arguments as a single objection, the Court will address each argument individually.

### A. THE ALJ'S IMPROPER USE OF A "LIGHT" RATHER THAN A "SEDENTARY" GRID RULE

The dispute of the parties stems from the ALJ's consideration of the fifth step in the disability evaluation process, that is, whether Plaintiff is capable of other work outside of her past relevant employment, which she is now incapable of performing. ECF No. 18 at 16; ECF Nos. 20, 21. Plaintiff first objects to the R&R for recommending that the Court find the ALJ properly found Plaintiff was "not disabled" and able to perform work under the light Grid Rule. ECF No. 20 at 2. More specifically, Plaintiff argues that the ALJ did not present the necessary analysis under SSR 83-12 when choosing between the light and sedentary rules, which were outcome-determinative in this case. Id. at 1. The ALJ uses a five-step sequential analysis[5] to assess eligibility benefits. 20 C.F.R §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). It is this five-step test that the court examines in deciding whether to uphold the Commissioner's final decision. Id. In her objection to the ALJ's analysis in this case, Plaintiff seemingly argues for the inclusion of a rule in between Step Four and Step of the analysis. Id. at

---

and sedentary ranges and the ALJ, with aid of the VE, is tasked to determine whether Plaintiff is only slightly reduced in her capacity within the light Grid job base or whether her functional capacity is so limited as to be placed in the sedentary Grid. ECF No. 19 at 13.

[5] The ALJ's five-step analysis assesses if:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.

Strong v. Astrue, No. 8:10-cv-00357, 2011 WL 2938084, at *3 (D.S.C. June 27, 2011) (citing 20 C.F.R. §§ 404.1520, 416.920).

1 ("This case presents one that occurs between Step Four and Step Five for which the ALJ neglected to engage."). In fact, Plaintiff claims it was error for Judge Leonard to accept the ALJ's reasoning because the ALJ merely relied on the VE's recommendation of the three available jobs for a person in Plaintiff's position without further analysis on whether Plaintiff's limitations significantly reduced her capacity in the light job base. ECF No. 20. Plaintiff is limited to walking and standing no more than two hours a day. ECF No. 19 at 13. This means Plaintiff initially fell between the light and sedentary Grid ranges. Thus, the ALJ, with aid of the VE, determined whether Plaintiff was only slightly reduced in her capacity within the light Grid job base or whether her residual functional capacity ("RFC") was so limited as to be placed in the sedentary Grid. ECF No. 19 at 6–7. The ALJ determined that Plaintiff's limitations were not a substantial impediment to her performance of light jobs. ECF No. 19 at 9. In response, Plaintiff asserts that the combined total of 54,000 available positions as either an "office helper" or a "hand packer"[6] are insufficient for a person in Plaintiff's position, and that the ALJ never explicitly considered whether Plaintiff's ability to perform these jobs was "significantly reduced" or merely "slightly reduced" based on her limitations. Id. at 2.

Plaintiff attempts repackage this argument with different wording, but the substance remains the same. In his R&R, Judge Leonard discussed at length the ALJ's analysis when using the testimony of the VE to determine the number of jobs Plaintiff could perform and the availability of the jobs mentioned in the VE's testimony. ECF No. 19 at 10–15. For this reason, it is difficult to view Plaintiff's objection as anything other than a rehashing of the arguments raised during the summary judgment stage, which, as explained above, does not qualify as an objection for purposes of this Court's review. See Nichols, 100 F. Supp. 3d at 497 ("the objection requirement is designed

---

[6] The position of an "office helper" has 33,000 nationally available jobs while the position of "hand packer" has 21,000 nationally available positions. R. at 23.

7

to allow the district court to focus on specific issues, not the report as a whole. . . . Therefore, objections must be specific and particularized.") (internal quotation marks and citations omitted).

Nevertheless, upon a de novo review, the Court agrees with Judge Leonard's assessment "that the ALJ's finding that Plaintiff "not disabled" under the light Grid Rule was supported by substantial evidence. The ALJ specifically noted in the Step Five analysis that there were other jobs existing in the national economy available to a person of Plaintiff's age, education, and work experience. R. at 22–23. The VE testified that a person in Plaintiff's position would be able to serve as an office helper, small products assembler, or a hand packer.[7] R. at 63. Plaintiff argues that because the ALJ found Plaintiff's light work in one of the above positions would be impeded by abovementioned limitations on Plaintiff's ability to walk and stand, this was not consistent with the ALJ's finding that Plaintiff's ability to perform light work is only "slightly" reduced. ECF No. 20 at 3. Therefore, Plaintiff argues, Plaintiff's available options of employment are of a "substantially reduced capacity"[8] in the light job base. Id. at 2. However, the Court finds that Judge Leonard was correct in holding that the ALJ's determination of Plaintiff's additional limitations under a light Grid Rule is not the same as finding Plaintiff's capacity "significantly reduced," requiring the sedentary Grid Rule. ECF No. 19 at 12. The VE listed three jobs Plaintiff could perform even with the limitations on her ability to stand and walk each day. R. at 62–65. The ALJ's reliance on the VE's testimony is consistent with SSR 83-12, which states in relevant part "In situations where . . . the individual's exertional limitations are somewhere 'in the middle'

---

[7] While Judge Leonard found that the ALJ did err in not reconciling the conflict between the Dictionary of Occupational Titles ("DOT") job description and the VE's testimony, he concluded this was harmless error. ECF No. 19 at 14. Judge Leonard concluded this was harmless because there were still two other jobs that Plaintiff could perform, and this Court agrees. Id. at 14–15.

[8] Plaintiff uses the language of SSR 83-12 and the Program Operations Manual System ("POMS") to describe the availability of jobs to plaintiff, however this language is referring to Plaintiff's exertional capacity and not to the availability of jobs. SSR 83-12 1983 WL 31253, at *2.

in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved . . . . Accordingly, [vocational specialist] assistance is advisable for these types of cases." SSR 83-12 1983 WL 32153, at *6.

Based on this evidence, the ALJ concluded that the VE identified three jobs Plaintiff could perform despite the limitation of standing and walking just two hours a day. R. at 22–23. This meant that the light range of work was not significantly reduced and the finding of "not disabled" was appropriate.[9] ECF No. 19 at 13. As the Commissioner correctly notes, the existence of "<u>one or more occupations</u>" is enough to find adequate (or significant) work in the national economy. See ECF No. 18 at 21–22 n. 13; C.F.R. § 404.1566(b) (2020) (explaining that "work exists in the national economy" when a significant number of jobs are available) (internal emphasis added). Plaintiff's argument regarding the availability of jobs within the occupations presented by the VE is equally unavailing as the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has upheld as few as 110 jobs in the state available as a significant number. See <u>Hicks v. Califano</u>, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979); <u>Hodges v. Apfel</u>, No. 99-2265, 2000 WL 121251, *1 (4th Cir. 2000). While the VE found two occupations in which Plaintiff could work, these two occupations provide a significant number of jobs, that is 54,000 total positions nationally, under both case law and regulation.

Therefore, the ALJ's decision to apply the light Grid Rule as opposed to the sedentary Grid Rule was supported by substantial evidence. R. at 22–23; ECF No. 19 at 9. Accordingly, Plaintiff's first objection to Judge Leonard's Report and Recommendation is **OVERRULED**. ECF No. 20.

---

[9] The ALJ expressly <u>only</u> excluded from the light work requirements the limitations on Plaintiff's ability to walk and stand for no more than two hours daily. ECF No. 19; R. at 22.

### B. THE ALJ'S INSUFFICIENT ARTICULATION OF THE REASONS FOR ITS FINDING UNDER SSR 83-12

Plaintiff next asserts that Judge Leonard erred in finding that the ALJ properly explained 'his analysis when finding Plaintiff was "not disabled." As with Plaintiff's first objection, this argument was also presented before Judge Leonard in Plaintiff's Motion for Summary Judgment. See Mem. Supp. Pl.'s Mot. Summ. J., ECF No. 14 at 4–5. While Plaintiff argues in her Objection that the "ALJ must explain whether the RFC has resulted in a 'slightly reduced capacity or a 'significantly reduced capacity[,]'" ECF No. 20 at 2 (emphasis in original), this is a mere repackaging of Plaintiff's arguments in her Motion for Summary Judgment where she asserted that "there must be an explicit analysis provided for why ['impeded'] does not mean that the 'light' range of work is 'significantly' reduced." ECF No. 14 at 7 (emphasis in original).

The Court notes that Judge Leonard fully reviewed this contention and rejected it. ECF No. 19 at 12. The Court may reject such rehashing. Gonzalez-Ramos, 360 F. Supp. 2d at 376; see Riddick, 2013 WL 1192984 at *1 n.1. Nonetheless, the Court reviewed this objection de novo and concurs with Judge Leonard's assessment that the record contains substantial evidence to support the depth of the ALJ's analysis in finding that Plaintiff was "not disabled" under the light Grid Rule. ECF No. 19.

Plaintiff incorrectly argues that under Bisceglia v. Colvin, the ALJ erred in not providing sufficient analysis as to why the finding that "all or substantially all of the requirements of the light range of work have been impeded does not mean the light range of work is significantly reduced." 173 F. Supp. 3d at 332; see ECF No. 14 at 7; ECF Nos. 19, 20. However, as Judge Leonard correctly found, Bisceglia does not require an administrative law judge , in every instance, to give a precise articulation for his/her finding. ECF No. 19 at 13. While Plaintiff is correct in arguing that the court in Bisceglia held that the administrative law judge needed to articulate the

10

discrepancy between finding that the plaintiff had a limitation that would impede "all or substantially all of the requirements" light work while not applying the sedentary Grid Rules. 173 F. Supp. 3d at 336. Plaintiff overlooks that the court in Bisceglia said more explanation in that case was needed only because the "[vocational expert] testimony, the agency medical consultants' opinions and his RFC findings"[10] were not enough to explain the gap in the 'administrative law judge's decision to find the plaintiff did not have "significantly reduced exertional capacity" to prevent imposing the light Grid Rules as opposed to the sedentary Grid Rules. Id.

This is not the case here. In fact, in the instant case, the ALJ did not have a gap in his reasoning. The VE's detailed testimony explained why the ALJ chose that light Grid Rules were appropriate despite Plaintiff's limitation. R. at 63–66. The "case law and regulations require nothing more" of the ALJ. Pittard v. Berryhill, No. 2:17CV71, 2018 WL 4677831, at *36 (E.D. Va. June 8, 2018), adopted by 2018 WL 4219193 (E.D. Va. Sept. 5, 2018) (addressing the plaintiff's objections to the R&R and adopting the recommendation of the R&R contained therein).

Therefore, the ALJ's findings that Plaintiff was "not disabled" and the accompanied analysis are supported by substantial evidence. Accordingly, Plaintiff's second objection to Judge Leonard's R&R is **OVERRULED**. ECF No. 20.

IV. CONCLUSION

As set forth above, the Court has conducted a de novo review of the relevant portions of the R&R to which objection has been made and concurs with the findings and recommendations

---

[10] As Judge Leonard's R&R correctly notes, the administrative law judge in Bisceglia also erred at step three inquiry of the plaintiff's RFC. ECF No. 19 at 13. The court in Bisceglia held that the administrative law judge, despite giving "significant weight" to the state agency's medical consultants, found the light work Grid Rules were appropriate, even though the consultants found that the plaintiff only had the capacity for the sedentary Grid Rules. Bisceglia, 173 F. Supp. 3d. at 331–32.

11

of Judge Leonard. Therefore, the Court **OVERRULES** Plaintiff's Objection, ECF No. 20, to Judge Leonard's R&R.

Furthermore, the Court has reviewed the remainder of the R&R along with the record of this case and finds no clear error. Accordingly, the Court hereby **ADOPTS** Judge Leonard's R&R, ECF No. 19, and **ORDERS** as follows:

The Commissioner's Motion for Summary Judgment and Cross-Motion for Summary Judgment are **GRANTED**. ECF Nos. 15, 17. Plaintiff's Motion for Summary Judgment is **DENIED**. ECF No. 13. The Commissioner's decision denying disability benefits to Plaintiff is **AFFIRMED**.

Plaintiff is **ADVISED** that she may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United State District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Norfolk, VA
September 17, 2020

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

12